UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| INDIAN INDUSTRIES, INC. d/b/a ESCALADE SPORTS )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>SAM'S EAST, INC. )<br>d/b/a SAM'S CLUB )<br>)<br>Defendant. )<br>) | JURY TRIAL DEMANDED<br><br><br><br>Case No. 3:13-cv-191<br><br><br><br>COMPLAINT AND JURY DEMAND |

**ESCALADE SPORTS' COMPLAINT AND JURY DEMAND**

Plaintiff, Indian Industries, Inc. d/b/a Escalade Sports ("Escalade Sports"), for its Complaint against the Defendant, Sam's East, Inc., d/b/a Sam's Club ("Sam's Club"), alleges as follows:

**PARTIES**

1.  Plaintiff Escalade Sports is a corporation organized and existing under the laws of the State of Indiana, having a principal place of business at 817 Maxwell Avenue, P.O. Box 889, Evansville, IN 47706-0889.

2.  Upon information and belief, Defendant Sam's Club is an Arkansas corporation having an address of 702 SW 8th Street, Bentonville, Arkansas 72716. Sam's Club is registered to do business in Indiana and may be served with process by serving its registered agent for service of process, CT Corporation System, 150 West Market Street, Suite 800, Indianapolis, Indiana 46204.

1

## JURISDICTION AND VENUE

3. This case arises under the patent laws of the United States, Title 35, United States Code, including, among others, section 271 entitled, "Infringement of Patent".

4. This Court has jurisdiction of this Action pursuant to 35 U.S.C. § 281, and 28 U.S.C. §§ 1331, and 338(a).

5. Venue in this district is proper pursuant to the provisions of Title 28, United States Code, § 1391.

6. This Court has personal jurisdiction over Sam's Club because it does business in Indiana, including conducting business through its operation of sixteen (16) warehouse stores located in Indiana, of which ten (10) are located in this judicial district, including one store located at 6770 E. Virginia St., Evansville, Indiana 47715.

## BACKGROUND FACTS

7. Escalade Sports and its predecessors have been in the business of selling table tennis tables and accessories since 1973.

8. Escalade Sports markets its table tennis tables and accessories under a number of marks, including the Stiga® mark, which is used under an exclusive license from Stiga Sports AB.

9. Escalade Sports markets its Stiga® table tennis tables and accessories via a network of authorized dealers located around the country.

10. In the fall of 2013 Escalade Sports launched a new line of Stiga® table tennis tables which included ball storage racks mounted along the width of the ends of the table, adjacent the player. These tables include at least the Stiga® Master Series ST3100 and ST4100

tables and the Stiga® STS185, STS285, STS385, STS420 and STS520 tables (hereinafter the "Stiga® Storage Rack Tables").

*Escalade Sports' Intellectual Property Rights*

11. On April 9, 2013, United States Patent No. 8,414,431 (hereinafter "the '431 Patent") was duly and legally issued for an invention titled "Table Tennis Ball Storage Apron", which covers, among other things, Escalade Sports' Stiga® Storage Rack Tables. A true and accurate copy of the '431 Patent is attached hereto as Exhibit A.

12. Prior to its issuance, the '431 Patent was assigned to Escalade Sports.

13. Escalade Sports has complied with the patent marking requirements of 35 U.S.C. 287 for products manufactured and sold by Escalade Sports which are covered by the '431 Patent.

*Sam's Club's Infringing Acts*

14. On information and belief, sometime in 2013, Sam's Club first began selling and offering to sell the "ESPN 2 Piece Table Tennis" product (hereinafter the "Infringing Table").

15. A copy of Sam's Club's website showing the Infringing Product for sale in stores is attached hereto as Exhibit B.

16. Detailed photographs taken from Sam's Club's website, which show the Infringing Product and specifically its included ball storage racks, are attached hereto as Exhibits C and D.

17. On information and belief, Sam's Club purchases the Infringing Table from Medal Sports, a corporation of Taiwan, whose website is located at www.themdsports.com. Medal Sports does not readily appear to be subject to jurisdiction in this forum or in the United States.

## COUNT I: INFRINGEMENT OF U.S. PATENT 8,414,431

18. Escalade Sports incorporates by reference, the averments contained in paragraphs 1 through 17.

19. Sam's Club has infringed and is currently infringing claims 1-15 of the '431 Patent. This infringement includes, in part, the sale, offer for sale of the Infringing Table.

20. Escalade Sports has been damaged by Sam's Club's infringement and will suffer irreparable injury unless Sam's Club is permanently enjoined by this Court.

## RELIEF

**WHEREFORE**, Escalade Sports prays for judgment as follows:

A. An order, upon Plaintiff's forthcoming motion, preliminarily restraining Defendant or any subsidiaries, employees, agents or servants thereof, from further acts of infringement of the '431 Patent, including any further sales of the ESPN 2 Piece Table Tennis product.

B. A judgment of infringement of the '431 Patent be entered in favor of Plaintiff against Defendant.

C. An order permanently restraining Defendant or any subsidiaries, employees, agents or servants thereof, from further acts of infringement of the '431 Patent.

C. An order that all infringing devices in the possession of, or subject to control by Defendant or any employees, agents, servants or distributors thereof, infringing on any claim of the '431 Patent be delivered up and destroyed.

D. Award Escalade Sports damages, costs, attorney's fees and/or expenses associated with this action and also including Sam's Club's wrongful profits from or associated with its infringements of Escalade Sports' rights.

E. Increase the amounts awarded to Escalade Sports as damages and/or profits from Sam's Club to the maximum amounts allowed or permitted under 35 U.S.C. §284.

F. An award to Plaintiff of its costs and expenses.

G. An order declaring that this is an exceptional case pursuant to 35 U.S.C. § 285 as a result of Defendant's knowing and willful infringement and awarding Plaintiff its attorneys' fees incurred in bringing this action.

H. An order granting all other relief found necessary, just and proper under the circumstances, including monetary damages to which Plaintiff may be entitled.

## JURY DEMAND

Escalade Sports respectfully demands a jury trial on all issues so triable.

Respectfully submitted,

s/William A. McKenna
Charles J. Meyer
William A. McKenna
WOODARD, EMHARDT, MORIARTY
MCNETT & HENRY LLP
111 Monument Circle, Suite 3700
Indianapolis, Indiana  46204-5137
(317) 634-3456 – Telephone
(317) 637-7561 – Facsimile
Email: cjmeyer@uspatent.com
wmckenna@uspatent.com

*Attorneys for Plaintiff,
Indian Industries, Inc. d/b/a Escalade Sports*

#908256